## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Harmony S. J.,                                                    Civ. No. 19-2380 (BRT)

       Plaintiff,

v.

                                     **ORDER**

Andrew Saul,
Commissioner of Social Security,

       Defendant.

Edward C. Olson, Esq., Attorney at Law; and Karl E. Osterhout, Esq., Osterhout Disability Law, LLC, counsel for Plaintiff.

Kizuwanda Curtis, Esq. Social Security Administration, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

On August 29, 2019, Plaintiff sought judicial review of the denial of her application for social security disability benefits. (Doc. No. 1.) On August 4, 2020, the Court granted in part Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and ordered this case remanded pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with the August 4, 2020 Order. (Doc. No. 23, 8/4/20 Order.) Now before the Court is Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act. (Doc. No. 27, Pl.'s Pet.) Plaintiff's counsel requests compensation in the amount of $10,901.52. (*Id.*) For the reasons set forth below, the motion is granted.

## DISCUSSION

### A.      Equal Access to Justice Act Requirements

Under the EAJA, a prevailing party in an action for judicial review of agency

action is entitled to an award of fees and expenses, unless the court finds that the position

of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fees awarded

pursuant to the EAJA must be reasonable. *Dini v. Astrue*, No. 08-5852 (DSD/JJG), 2010

WL 153681, at *3 (D. Minn. Jan. 11, 2010) ("[F]ees and other expenses includes . . .

reasonable attorney fees . . . based on prevailing market rates for the kind and quality of

the services furnished . . . ") (quoting 28 U.S.C. § 2412(d)(2)(A)) (internal quotations

omitted).

To receive a fee award under the EAJA, the applicant must "submit to the court an

application for fees and other expenses which shows that the party is a prevailing party

and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). A

party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing

party" under the EAJA. *See McGrath v. Astrue*, Civil No. 10–4192 (ADM/SER), 2012

WL 4898276, at *2 (D. Minn. Oct. 1, 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292,

300–01 (1993)). An applicant is "eligible to receive" an EAJA award if his or her net

worth did not exceed $2,000,000 at the time the civil action was filed. *See S.E.C. v.

Zahreas*, 374 F.3d 624, 630 (8th Cir. 2004). The application must state "the amount

sought, including an itemized statement from any attorney or expert witness representing

or appearing on behalf of the party stating the actual time expended and the rate at which

fees and other expenses were computed" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

Defendant does not object to Plaintiff's attorney receiving EAJA fees, but to the amount requested. (Doc. No. 30, Def.'s Opp'n to Pl.'s Counsel's Pet. for Att'y Fees ("Def.'s Opp'n") 2–9.) Thus, Defendant concedes that its position in this litigation was not substantially justified. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (noting that "the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act," and then foregoing a discussion of the standard for substantial justification). Further, Defendant does not object to applying the proposed hourly rate of $206.00 per hour[1] for Plaintiff's counsel. But Defendant does object to any amount requested over forty hours asserting that any amount over that is unreasonable. (Def.'s Opp'n 9.) Specifically, Defendant contends that the amount allocated for briefing, reviewing the record, and researching were unreasonable because the issues in Plaintiff's brief were not complex, the arguments Plaintiff's counsel made in the brief were mostly unfruitful, and Plaintiff's counsel is experienced. (*Id.* at 4–9.) Defendant also takes issue with Plaintiff's records reflecting two tasks being done at once (i.e., reviewing the file and conducting legal research). (*Id.* at 6.)

---

[1]     The Court agrees, and Defendant does not dispute, that this amount was reasonably calculated based on the Bureau of Labor Statistics Consumer Price Index ("CPI"). (*See* Doc. No. 27, Pl.'s Pet. 2); *Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (stating that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies" an increased attorney's fees award) (quoting *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990)).

### B.      Plaintiff's Counsel is Entitled to an EAJA Award

Plaintiff's counsel requests an award for 58.8 total hours of work performed by her attorneys at a rate of $206.00 per hour, which total was then reduced by 10% in an exercise of billing discretion, for an amount requested of $10,901.52. (*See* Doc. No. 27, Pl.'s Pet. 3; *see also* Doc. No. 28-1, Exhibit.)

The Court has reviewed the itemized time records for the work performed in this case and finds that the hours billed, and the legal work performed, are not excessive or unreasonable. Awards for even over 75 hours' worth of work are not unheard of. *See Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988) (awarding 77 hours); *see also Gaul v. Colvin*, No. 13-163 (JNE/FLN), 2014 WL 4096972, at *2 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours); *Vossen v. Astrue*, No. 07-1567, Doc. No. 58 at 8 (D. Minn. Mar. 15, 2011) (awarding 88.75 hours), adopted by 2011 WL 1322099 (D. Minn. Apr. 7, 2011); *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11–12 (2d Cir. 1986) (awarding 200 hours). Contrary to Defendant's assertions, the record does not suggest that Plaintiff's counsel spent an unreasonable amount of time reviewing the record, researching the issues in the case, and drafting the briefs, even if the issues ultimately were not overly complex. Reviewing the entire administrative record, which in this case is over 1,800 pages, takes a significant amount of time. And researching issues while working your way through the record should not be a flaw worthy of reducing fees, but instead should be commended as a way of multi-tasking, creating more efficiency rather than less while reviewing the file. Therefore, Plaintiff's motion is granted.

**ORDER**

Based on the foregoing, and all the files, records, and submissions herein,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act. (Doc. No. 27) is **GRANTED**;

2.      Plaintiff is awarded a total EAJA award in the amount of $10,901.52—less any pre-existing debt that Plaintiff owes the United States.


Date: March 1, 2021

_s/ Becky R. Thorson_____
BECKY R. THORSON
United States Magistrate Judge